UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| COREY FERNANDO RUSSELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 16-258-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate Corey Fernando Russell is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Russell has filed an original and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] [Record No. 1, 5]

On May 21, 2012, in Gwinnett County, Georgia, the State of Georgia convicted Russell of credit card fraud and sentenced him to a six-year prison term in *State v. Russell*, No. 11-B-1141-5 (Ga. 2011). [Record No. 1 at 8; Record No. 1-1 at 3] While Russell was serving that sentence in a Georgia prison, a federal grand jury in Greeneville, Tennessee, returned an indictment in June 2012 charging him with conspiracy to commit access device (debit card)

---

[1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Russell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

-1-

fraud in violation of 18 U.S.C. § 1029(a)(2) and using and trafficking in unauthorized access devices (PIN numbers) in violation of 18 U.S.C. § 1029(a)(2), (c)(1)(B). On June 22, 2012, the federal court granted the government's request to issue a writ of habeas corpus *ad prosequendum*. Federal marshals took Russell into custody on July 27, 2012, shortly before his initial appearance and arraignment on August 7, 2012. Russell remained in the physical custody of U.S. Marshals pursuant to the writ.

On August 1, 2013, Russell entered into a plea agreement with the government and, on November 26, 2013, the federal court imposed a 72-month sentence. At the sentencing hearing and in its judgment, the trial court ordered that its sentence run consecutive to the sentences already imposed in Russell's prior federal case, *United States v. Johnson*, No. 1:04-CR-461-1 (N.D. Ga. 2004), and to his six-year Georgia sentence. After the sentencing hearing, the federal court directed that Russell be returned to Georgia custody. He was then delivered to Georgia's Coastal State Prison on December 12, 2013, and a federal detainer was placed with state corrections officials at that time.

Notwithstanding the federal detainer, Georgia officials erroneously released Russell from custody to parole on February 26, 2014. At the government's request, on March 25, 2014, the federal court ordered the U.S. Marshal to take Russell into custody and deliver him to the Bureau of Prisons to begin service of his federal sentence. Four months later, in July 2014 Russell filed a request with the trial court, asking that the time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* be credited towards his federal sentence. Russell alleged that, as a result of his 2012 removal to federal custody pursuant to the writ, he was unable to complete a program offered by the Georgia Department of

Corrections that could have entitled him to an earlier parole from his state sentence. The trial court summarily denied that request, noting that such credit was not warranted under 18 U.S.C. § 3585(b) because the time period had been credited against Russell's Georgia sentence, and because that statute did not permit additional jail credit to be awarded because Russell's opportunity for state parole was frustrated by the issuance of the federal writ. *United States v. Russell*, No. 2: 12-CR-48-3 (E.D. Tenn. 2012) [Record Nos. 5, 11, 15, 19, 35-42 therein]

In response to inmate grievances Russell filed in 2015 regarding his renewed requests for prior custody credits, the BOP noted that he was in Georgia state custody during this time period and that all of this time was credited against his six-year Georgia sentence. The BOP further noted that Russell was not eligible for a *nunc pro tunc* designation of the Georgia state prison as the location for service of his federal sentence pursuant to *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990), because his federal sentence was ordered to run consecutively to his prior state sentence. [Record No. 1 at 1, 3]

Russell now seeks 515 days of prior custody credits under 18 U.S.C. § 3585(b) for the period beginning June 22, 2012 (the date he incorrectly alleges that he was taken into federal custody pursuant to the writ of habeas corpus *ad prosequendum*), to November 26, 2013 (the date his federal sentence was imposed). [Record No. 1 at 3, 7-8] Russell again argues that his transfer to federal custody pursuant to the writ of habeas corpus *ad prosequendum* prevented him from completing programming offered at the Georgia prison, which could have resulted in his release to state parole in October 2012 rather than February 2014. [Record No. 5 at 1-3; Record No. 5-1 at 2-3] Russell also suggests that the BOP did not give fair and careful

consideration to the possibility of a *nunc pro tunc* designation pursuant to *Barden*. [Record No. 5 at 3; Record No. 5-1 at 3-5]

The Court concludes that both the trial court and the BOP correctly determined that there was no legal basis to award Russell additional prior custody credits. Title 18 of the United States Code, § 3585(b), permits a defendant to receive credit towards his federal sentence for time spent in custody before his sentence begins, but only if that jail time has not been credited against another sentence. Where, as here, the jail time had already credited against the petitioner's state sentence, it may not be counted a second time against his federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000). Likewise, Russell is not entitled to more credit because his transfer into federal custody prevented him from being released earlier on state parole. *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003) ("Broadwater's contention that the seventeen-month period of time that he served in federal custody prevented him from being paroled from his state sentence earlier does not compel a different result."); *Cathey v. Ives*, No. 11-192-GFVT, 2012 WL 1448126, at *3-4 (E.D. Ky. Apr. 26, 2012) (citing *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011)).

Finally, the retroactive designation available under *Barden* is inapplicable here. In *Barden*, the Third Circuit addressed the problem caused by the fact that the Supremacy Clause renders unenforceable a state court order that its sentence should run concurrently with a prior federal sentence. The Third Circuit held that 18 U.S.C. § 3621(b) gives the BOP the discretion to retroactively designate a state prison as the place of a prisoner's confinement. This remedy gives practical effect to a state court's unenforceable order of concurrency by effectively

-4-

shortening the state criminal defendant's *federal* sentence. *Barden*, 921 F. 2d at 478, 481-83; see *Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869, at *5 (E.D. Ky. Mar. 30, 2011). Whatever the wisdom of this rule, Russell's state sentence was imposed first, not second, and the subsequently-imposed federal sentence was expressly ordered to run consecutively to, not concurrently with, the state sentence. The concerns which gave rise to the remedy created in *Barden* do not exist under such circumstances, see *Dunlap v. Ives*, No. 11-271-GFVT, 2012 WL 1711379, at *3 (E.D. Ky. May 15, 2012), and the BOP correctly decided that no such retroactive designation was appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Corey Fernando Russell's original and supplemental petition for a writ of habeas corpus [Record No. 1, 5] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 13th day of December, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge